920 F.2d 932
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Miguel A. GARGALLO, Plaintiff-Appellant,
v.
QUICK & REILLY CLEARING, Donald E. Griffith, Defendants-Appellees.
 No. 90-3292.
 United States Court of Appeals, Sixth Circuit.
 Dec. 13, 1990.
Order Vacated and Case Assigned to another panel Feb. 14, 1991.
 
 1
 Before RYAN and ALAN E. NORRIS, Circuit Judges, and ALLEN, Senior District Judge.*
 
 ORDER
 
 2
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Miguel A. Gargallo appeals the judgment confirming an arbitration panel's award and dismissing his complaint filed under the Securities Exchange Act of 1934, 15 U.S.C. Sec. 78a et seq. Gargallo alleged that the defendant brokerage firm and individual stockbroker mishandled his account. The district court entered an order compelling arbitration and subsequently confirmed the resulting award and dismissed the complaint. Upon consideration, we conclude that the district court's judgment was proper.
 
 
 4
 On appeal, plaintiff contends: (1) that defendants' answer was untimely; (2) that the arbitration agreement is invalid; (3) that the district court lacked jurisdiction to confirm the award; and (4) that the award is inadequate. We conclude that defendants' answer was timely because the answer was initially due 23 days after service. See Fed.R.Civ.P. 6(e) and 12(a). With a 20 day extension, the answer was due 43 days after service. Because the 43rd day after the November 13, 1987, date of service fell on Saturday, the answer filed on Monday, December 28, 1987, was timely. See Fed.R.Civ.P. 6(a).
 
 
 5
 We conclude that the arbitration agreement is valid, that the district court retained jurisdiction to confirm the award, and that the award is adequate for the reasons stated in the district court's order filed February 22, 1990. Plaintiff's claims which were not asserted in the district court will not be addressed in the first instance on appeal. See Pinney Dock & Transp. Co. v. Penn Central Corp., 838 F.2d 1445, 1461 (6th Cir.), cert. denied, 488 U.S. 880 (1988). Similarly, the claims first addressed on appeal in plaintiff's reply brief will not be addressed. See Wright v. Holbrook, 794 F.2d 1152, 1156-57 (6th Cir.1986).
 
 
 6
 Accordingly, the judgment of the district court is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 ORDER
 
 7
 Upon consideration of plaintiff's petition for rehearing en banc, and the Honorable Alan E. Norris having recused himself in this case, we hereby vacate the prior order entered and directed the Clerk to reassign the case to another panel.
 
 
 
 *
 The Honorable Charles M. Allen, Senior U.S. District Judge for the Western District of Kentucky, sitting by designation